IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JENNIFER PORTER                                                                                   PLAINTIFF

v.                                         4:21-cv-001075-BRW-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge Billy Roy Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Jennifer Porter, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income.  Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Ms. Porter testified she was forty years old at the time of the administrative hearing. (Tr. 40.) She went as far as the eighth grade in school, earned a GED, and has past relevant work as a nurse assistant. (Tr. 27, 41.)

The ALJ[1] found Ms. Porter had not engaged in substantial gainful activity since February 1, 2019 - the alleged onset date. (Tr. 19.) She has "severe" impairments in the form of "degenerative changes of lumbar spine without evidence of stenosis/spondylosis, myelopathy or radiculopathy; sacroiliitis; cervicalgia; long-term use of opiate analgesics; stimulant use disorder with stimulant induced anxiety disorder; major depressive disorder, recurrent and severe with

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

anxious distress; and post-traumatic stress disorder (PTSD)." (*Id*.) The ALJ further found Ms. Porter did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 21-23.) The ALJ determined Ms. Porter had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments. (Tr. 23.) Based on the residual functional capacity assessment, the ALJ concluded Plaintiff could no longer perform her past relevant work. (Tr. 27.) But utilizing the services of a vocational expert, (Tr. 55-58), the ALJ determined Ms. Porter could perform other jobs that existed in significant numbers in the national economy such as bench assembler, cleaner/housekeeper, and mail clerk. (Tr. 28.) Accordingly, the ALJ determined Ms. Porter was not disabled. (*Id*.)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ failed to consider the testimony of Ms. Porter's husband as required by the regulations. (Doc. No. 11 at 15-18.) The ALJ considered his testimony and stated:

> The claimant's spouse, Glenn Porter, submitted a third party function report that describes the claimant's medical conditions and functional limitations. The statements of MRS do not establish that the claimant is disabled. Mr. Porter is not medically trained to make exacting observations as to the date, frequency types, and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms. These statements are considered evidence that is inherently neither valuable nor persuasive in accordance with 20 CFR 404.1520c and 416.920c. Therefore, I have considered Mr. Porter's statements only to the extent that they are consistent with the preponderance of the opinions and observations by the medical sources in this case. Otherwise, I have not provided

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

>articulation about evidence that is inherently neither valuable nor persuasive in accordance with 20 CFR 4040.1520b(c) and 416.920(c).

(Tr. 26.)

Plaintiff argues that the ALJ's use of the words "inherently neither valuable nor persuasive" applies to a different regulation not applicable to family members. (Doc. No. 11 at 16.) Plaintiff also argues that the ALJ improperly discounted Mr. Porter's testimony because he was not medically trained. (*Id.* at 17.) I have carefully considered Plaintiff's argument and find it to be without merit. The case cited by Plaintiff is distinguishable. The Court in *Steven L., v. Commissioner*, Case No. 1:19-cv-6047, *7 (N.D. Ill Apr. 19, 2021) appears to have criticized the ALJ for being "short shrift " and stating *only*, "[Plaintiff's wife] is not a medical professional nor versed in the standards of Social Security disability or with vocational factors." Here, the ALJ provided a more thorough explanation when discounting the opinion of Plaintiff's husband. Importantly, the ALJ compared this third-party functional report to the objective medical evidence and found it to be not persuasive.

Plaintiff also argues the ALJ failed to fairly analyze the medical opinions in accordance with the regulations. Claims filed after March 27, 2017, like Ms. Porter's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20

4

C.F.R. § 404.1520c(a), (c).  The ALJ is required to "explain" her decision as to the two most important factors—supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that the ALJ properly evaluated the opinions of Teresa Kramer, Ph.D., James Wellons, M.D., Rachel Morrisey, Ph.D., and William Harrison, M.D.  (Tr. 26, 69, 71, 101, 103.)  The ALJ stated:

> Exhibits 3A, 4A, 7A, 8A- The opinions of the mental and physical DDS consultants are quite persuasive. At both the Initial and Reconsideration levels, the consultants concluded that the claimant had mild limitations in Understanding and Remembering Information, Interacting With Others, and in Adapting/Managing. They indicated she had moderate limitations in Concentrating and Persisting. These conclusions are consistent with the conservative nature of the claimant's mental health treatment and limited symptoms (Exhibits 2F, 4F, and 16F), as well as the level of functioning documented, including caring for her husband's health issues (Exhibits 4E, p. 2 and 16F, pgs. 11, 15, and 19), and "helping a disabled woman" (Exhibit 16F, pgs. 15 and 19). The physical consultants found that the claimant could lift and carry up to 20 pounds, a conclusion that is consistent with the objective imaging (Exhibits 3F, p. 5, 5F, pgs. 1-13 10F. pgs. 3, and 18F, p. 3), and the objective observations of a variety of providers regarding the claimant's gait, range of motion, and negative SLR's (Exhibits 1F, 10F, 20F, as well as Exhibits 11F, p. 8, 12F, p. 17, and 17F, p. 19).

(Tr. 26.)

While there is some evidence to support Plaintiff's claims and she clearly suffers from some degree of limitation, I cannot find reversible fault with the ALJ's assessment of the evidence in this case.  While Plaintiff complains that these doctors did not have the benefit of her most recent MRI, (Tr. 819), the ALJ correctly assessed this evidence.  With regard to the diagnostic testing, the ALJ determined:

> There are no EMG's or NCV's documenting any nerve problems in the file. MRI's have documented multi-level degenerative changes in the lumbar spine, and moderate hypertrophic osteoarthritis at L4-L5, but shown no evidence of spinal canal or foraminal stenois (Exhibits 10F. p. 3 and 18F, p. 3). Cervical x-rays in 2018 and 2019 were negative (Exhibits 3F, p. 5 and 5F, pgs. 1-13). The claimant apparently suffered a cervical/thoracic strain in a motor vehicle accident in October 2019 (Exhibit 4F).

(Tr. 24.)

In summary, the ALJ found opinions persuasive by State agency doctors and treating and consultative examiners when their opinions were well supported and consistent with the treatment records and unpersuasive when they were not. Accordingly, I find the ALJ's decision is supported by substantial evidence.

Plaintiff's counsel has vigorously advocated for Ms. Porter's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The overall evidence indicates Plaintiff is capable of performing a reduced range of light work and her impairments do not preclude all work activity. I have also considered Plaintiff's remaining arguments - including her arguments relating to step two and her chronic pain syndrome - and find them to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on

the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 22nd day of August 2022.

```
                              _____
                              JOE J. VOLPE
                              UNITED STATES MAGISTRATE JUDGE
```